# Exhibit 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

MARISA GRECO,              )
                                )
           Plaintiff,          )
                                )
      vs.                       )
                                )
TJX COMPANIES, INC. d/b/a    )
T.J. MAXX,                    )
                                )      JURY DEMAND
           Defendants.      )

### COMPLAINT AT LAW

Plaintiff Marisa Greco ("Greco"), by her attorneys, David Hemenway of the

Hemenway Law Firm and Kent Sinson of Sinson Law Group, complains against TJX

Companies, Ltd. ("T.J. Maxx") as follows:

### COUNT I
### Illinois Human Rights Act
### Disability Discrimination

#### Nature of Action

1.   Plaintiff Greco was employed by TJ Maxx as a Cashier at its Countryside, Cook

County, Illinois, location from in or about August 2004 until on or about December 7,

2012, when she was fired.

2.   Greco was fired because of her disability, Diabetes and symptoms related to

diabetes.

3.   Greco has a severe mobility impairment as a result of her disability, and she

requested the accommodation of being allowed to sign in and record her work hours at

her workstation, instead of being required to walk a substantial distance to and from

the time clock.

4. T.J. Maxx refused her request for an accommodation, and fired Greco for alleged violations of its attendance policies because she purportedly did not follow its time clock procedures.

5. Greco has incurred a loss of salary and benefits, and suffered emotional harm, as a result of T.J. Maxx's willful violation of her rights under the Illinois Human Rights Act.

### Parties

6.  Plaintiff Greco is a resident of Brookfield, Cook County, Illinois, and has been a resident of Brookfield at all times relevant to this lawsuit. She is an "employee" as defined by the Illinois Human Rights Act.

7.  Defendant TJX Companies, Inc., has its principal place of business in Michigan, but owns and operates retail stores throughout the state of Illinois, and employs more than 10 persons in the State of Illinois. It is an "employer" as defined by the Illinois Human Rights Act.

### Jurisdiction and Venue

8.  This Court has jurisdiction over Plaintiff's claims because all claims arise under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* law.

9.  Jurisdiction and venue in the Circuit Court of Cook County is proper because the acts and omissions from which Plaintiff's claims arise all occurred Cook County, Illinois, and the Defendant transacts substantial business in Illinois and Cook County.

10. Greco filed a charge of discrimination with the Equal Opportunity Commission on or about December 31, 2012. After the EEOC dismissed the charge without conducting an investigation, Greco timely requested that the charge be investigated by

2

the Illinois Department of Human Rights (IDHR). The IDHR issued its dismissal and notice of right-to-sue on or about August 12, 2013, notifying Greco of her right to file a complaint in Circuit Court within ninety (90) days. (Group Exhibit 1).

## FACTS

11. Greco has Diabetes, and the symptoms of her diabetes include, but are not limited to, neuropathy and a severe mobility impairment which makes it extremely painful and difficult for her stand for an extended period of time, or to walk extended distances.

12. Greco took a leave of absence for surgery related to her disability from which she in or about August 2012.

13. When she returned from her surjury, T.J. Maxx initially permitted Greco to keep track of her working time at her Cashier workstation, rather than walking the extended distance to the time clock area.

14. T.J. Maxx ceased allowing Greco to keep track of her working time at her Cashier workstation, and, in or about late October or early November of 2012, began recording Greco as tardy when she did not record her time at her work station due to her mobility impairment.

15. Greco asked her Supervisor, Thomas Zagojowski, to continue to accommodate her Diabetes-related mobility impairment and neuropathy by continuing to allow her to record her time at her Cashier work station.

16. T.J. Maxx, through Zagojowski, refused Greco's request for the accommodation of allowing her to record her time at her workstation or through some means other than by walking the extended distance to the time clock on each working day.

3

17. Rather than accommodate her disability, TJ Maxx continued to discipline Greco for alleged violations of its time recording procedures when she was unable to punch in and out using the time clock because of her mobility impairment, and then fired her for alleged violations of its attendance policy.

18. Greco performed all of her job duties satisfactorily, and received positive job evaluations while employed by T.J. Maxx.

19. Greco's disability was and is unrelated to her ability to perform the essential duties of her position as a Cashier for T.J. Maxx, either with or without an accommodation.

20. T.J. Maxx engaged in unlawful discrimination against Greco in violation of Section 2-102 of the Illinois Human Rights Act, 775 ILCS 5/2-102(A), against Greco by discharging her because she is disabled as defined by the Illinois Human Rights Act, 775 ILCS 5/1-103(I).

21. T.J. Maxx also engaged in unlawful discrimination against Greco under the Human Rights Act by failing to offer her an reasonable accommodation for her disability.

**Wherefore,** Plaintiff Greco respectfully requests that the Court grant her the following relief pursuant to 775 ILCS 5/8A-104:

A. Actual damages of greater than $100,000.00, including, but not limited to, front pay, back pay, compensatory damages for emotional harm and mental anguish, punitive damages;

B. Pre and post judgment interest;

C. litigation costs;

4

F.   expert witness costs;

G.   reasonable attorney's fees, and,

E.   Any and all other available damages.

### Jury Demand

Plaintiff requests a trial by jury.

Marisa Greco, Plaintiff

By:

_____
David Hemenway, one of Plaintiff's attorneys

HEMENWAY LAW FIRM
300 S. Wacker Dr., Ste. 1700B
Chicago, IL 60606
(312) 663-4733
Attorney No. 42159

Kent D. Sinson
SINSON LAW
205 W. Wacker Dr., Ste. 1600
Chicago, IL 60606
(312) 332-2107
Attorney No. 37622

5

EEOC Form 5 (11/09)

130320-010

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | 201 3CR2531 |
| ☒ EEOC | 440-2013-01167 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| **Marisa Greco** | (708) 485-0688 | 01-27-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4610 Forest Avenue, Brookfield, IL 60513 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| T.J MAXX | 500 or More | (708) 354-5113 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5555 S Brainard Ave, Countryside, IL 60525 | |

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest ___ Latest 12-07-2012

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)).

I began employment with Respondent in or about August, 2004. My position was Cashier. During my
employment, I reported my disability to Respondent and requested accommodation, which was not provided.
I was subjected to harassment and then discharged.

I believe that I have been discriminated against because of my disability in violation of the Americans with
Disabilities Act of 1990 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12-29-12   Marisa Greco<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

**EXHIBIT**

Group 1

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

Marisa Greco,

COMPLAINANT,

AND

CHARGE NO. 2013CR2531

T J Maxx,

RESPONDENT.

## NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE
## AND ORDER OF CLOSURE

David A. Hemenway, Esq.
Law office of David A. Hemenway, PC
300 South Wacker Dr
Suite 1700B
Chicago, IL 60606

Ms. Carolyn Jennette
Labor and Employment Law Specialist
The TJX Companies, Inc.
770 Cochituate Rd.
Framingham, MA 01701

DATE OF DISMISSAL: August 12, 2013

1.      YOU ARE HEREBY NOTIFIED that the Department has not received a timely request to review the EEOC determination of no cause, a copy of which is enclosed. Based upon the enclosed determination, the DEPARTMENT OF HUMAN RIGHTS (DHR) finds that there is NOT substantial evidence to support the allegations of the charge(s). Accordingly, pursuant to Section 7A-102(A-1)(3)(a) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY DISMISSED and CLOSED.

2.      Complainant may commence a civil action against Respondent in the appropriate state circuit court or other appropriate court of competent jurisdiction within ninety (90) days after receipt of this Notice. A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed. **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately:** EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.

**Please note that the Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3.      Complainant is hereby notified that the charge(s) are dismissed with prejudice with no right to further proceed if a timely written complaint is not filed with the appropriate circuit court.

DEPARTMENT OF HUMAN RIGHTS

EEOC Ref Chg (CR / SR)
HB59/NOD/LSE
05/12

STATE OF ILLINOIS )
) ss                FILE NO(S) 2013CR2531
COUNTY OF COOK )

## AFFIDAVIT OF SERVICE

Cecil Robbins deposes and states that he served a copy of the attached **NOTICE OF DISMISSAL AND ORDER OF CLOSURE** on each person named below by depositing same this 12th day of August, 2013, in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois 60601, properly posted for FIRST CLASS MAIL, addressed as follows:

---

David A. Hemenway, Esq.
Law office of David A. Hemenway, PC
300 South Wacker Dr
Suite 1700B
Chicago, IL 60606

Ms. Carolyn Jennette
Labor and Employment Law Specialist
The TJX Companies, Inc.
770 Cochituate Rd.
Framingham, MA 01701

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Cecil Robbins

## PLEASE NOTE:

The above-signed person is responsible only for mailing these documents. Department staff are not permitted to discuss the investigation findings once a Notice of Dismissal has been issued.